**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| THE BALTIMORE LIFE INSURANCE COMPANY,<br>10075 Red Run Blvd.<br>Owings Mills, MD 21117<br><br>        Plaintiff,<br>  v.<br><br>JOHN DOE 1-4,<br><br>        Defendants. | *<br><br>*<br><br>*<br><br>*<br><br>*<br>*<br>* | <br><br><br><br><br><br>CIVIL ACTION NO.: |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**COMPLAINT**

Plaintiff, The Baltimore Life Insurance Company ("Plaintiff" or "Baltimore Life"), by and through its attorneys, files this Complaint against Defendants John Does 1 through 4 ("Defendants") for damages. As grounds therefore, Plaintiff alleges as follows:

**INTRODUCTION**

1. This action arises out of Defendants' fraudulent conduct in using facsimile and electronic funds transfers to make false representations to Plaintiff that caused Plaintiff to send funds to Defendants that were not theirs.

2. At issue are four fraudulent requests for loan payments against life insurance policies, where the perpetrator or perpetrators impersonated policyholders and used their personal identifying information ("PII") to induce Plaintiff to transfer a total of $57,500 into Defendants' bank accounts, masked as the policyholders' accounts.

3. Through their intentional and malicious fraudulent actions, Defendants stole Plaintiff's funds.

1

4. Plaintiffs seek to identify John Doe or John Does who are unknown because Defendants intentionally disguised their true identities by impersonating Plaintiff's policyholders and using bank accounts falsely designated as belonging to the policyholders.

5. As a result of Defendants' fraudulent acts, Plaintiff has suffered economic harm for which it seeks compensatory relief and punitive damages.

## PARTIES

6. Plaintiff is a corporation organized under the laws of the state of Maryland with its principal place of business in Baltimore County, Maryland at 10075 Red Run Blvd., Owings Mills, MD 21117.

7. Defendants John Does 1-4 are individuals. Plaintiff has no reason to believe any John Doe Defendant is a citizen of the state of Maryland.

8. Defendants opened bank accounts in false names, and used them to wrongfully take possession of Plaintiff's funds.

9. Plaintiff knows Defendants only by their bank account numbers. Upon information and belief, discovery will uncover Defendants' identities.

## JURISDICTION

10. Jurisdiction is based upon 28 U.S.C. § 1332 as the amount in controversy exceeds the jurisdictional requirement of $75,000, exclusive of interest, costs and attorneys' fees, and upon information and belief, is an action between citizens of different states.

11. This Court has personal jurisdiction over Defendants because they committed a tort in this jurisdiction.

## **VENUE**

12.Venue properly lies in this district pursuant to 28 USC § 1391 because the causes of action accrued in this judicial district.

## **FACTS**

13.Plaintiff is a life insurance company.

14.Plaintiff issued three single premium life insurance policies to three different policyholders.

15.The subject policies allow the policyholders the option to take a loan against the cash value of the policy.

16.Upon information and belief, Defendants without permission impersonated policyholders Kathleen R., Ray M., and Connie F. to fraudulently request loans against their respective policies and cause Plaintiff to electronically transfer Plaintiff's funds into bank accounts that do not belong to Plaintiffs.

17.On October 31, 2024, Plaintiff received a loan request, purportedly from Ms. R., for $42,500 against the cash value of policy number ending in 1283 (the "10/31/24 Loan Request"). The 10/31/24 Loan Request was sent via facsimile from fax number 1-330-319-7535 to "Baltimore Life" at 866-660-6253.

18.In fact, the 10/31/24 Loan Request was not from Ms. R., but was carefully crafted by an imposter to make it look like it was sent by Ms. R. Upon information and belief, the real sender of the 10/31/24 fax is an intended Defendant in this lawsuit.

19.With the exception of the stated email address, the fax request correctly listed Ms. R.'s personal identifying information, including her name, birth date ("DOB"), social security number, address, and telephone number.

3

20. The 10/31/24 Loan Request instructed Plaintiff to pay $42,500 into a checking account possibly in the name of Kathleen R. with The Bancorp Bank N.A., 3455 Park Lake Street, Orlando, FL 32803, Routing Number ending in 0545, Account Number ending in 5414.

21. The banking information on the 10/31/24 Loan Request was false. Upon information and belief, the Defendant or Defendants in this case established the false account, possibly in the name of Ms. R. Plaintiff did not suspect this was a false account because Ms. R. had not previously provided any bank account details in their prior business dealings.

22. On 11/01/2024, Plaintiff electronically transferred $42,500 to the Bancorp Bank checking account referenced in the 10/31/24 Loan Request as Ms. R.'s account.

23. On 11/18/2024, Plaintiff received a loan request, purportedly from Mr. M., for $15,000 against the cash value of policy number ending in 7152 (the "11/18/24 Loan Request"). The 11/18/24 Loan Request was sent via facsimile from fax number 1-802-419-4999 to Plaintiff at 1-866-660-6253.

24. The 11/18/24 Loan Request was not, in fact, from Mr. M., but was carefully crafted by an imposter to make it look like it was sent by Mr. M. Upon information and belief, the real sender of the 11/18/24 fax is an intended Defendant in this lawsuit.

25. With the exception of the stated email address, the fax request correctly listed Mr. M.'s personal identifying information, including his name, DOB, social security number, address, and phone number.

26. The 11/18/24 Loan Request instructed Plaintiff to pay $15,000 into a checking account possibly in the name of Ray M. with First Carolina Bank, 171 N Winstead Avenue, Rocky Mount, NC 27804, Routing Number ending in 14588, Account Number ending in 6895.

4

27. The banking information on the 11/18/24 Loan Request was false. Upon information and belief, the Defendant or Defendants in this case established the false account possibly in the name of Mr. M. Plaintiff did not suspect this was a false account because Mr. M. had not previously provided any bank account details in their prior business dealings.

28. On 11/25/2024, Plaintiff electronically transferred $15,000 to the First Carolina Bank checking account referenced in the loan request as Mr. M.'s account.

29. Plaintiff also received at least two additional fraudulent requests from imposters claiming to be policyholders and asking for loan payments to be transferred to bank accounts possibly under the names of policyholders, which Plaintiff did not pay out.

30. On 11/14/2024, Plaintiff received a second loan request in Kathleen R.'s name for $41,000 to be transferred to an account with UMB Bank NA, 10117 North Golden Drive, Estero, FL 33928 (Routing Number ending in 5681, Account Number ending in 2102). It was sent via facsimile from fax number 1-323-517-2867 to Baltimore Life at 1-866-660-6253. Plaintiff declined to pay.

31. On 12/02/2024, Plaintiff received a loan request in policyholder Connie F.'s name for $19,500 to be transferred to an account with First Carolina Bank, 171 N. Winstead Ave, Rocky Mount, NC 27804 (Routing Number ending in 4588, Account Number ending in 5992). It was sent via facsimile from fax number 1-323-517-2867 to Baltimore Life at 1-866-660-6253. Plaintiff declined to pay.

32. Baltimore Life discovered the fraudulent scheme as its system flagged one or more of the transactions as suspicious. Baltimore Life then launched a formal investigation and stopped other potential fraudulent attempts by Defendants.

33. In all four loan attempts, the fax cover sheet is identical, and contains a fax number associated with a Voice over Internet Protocol (VoIP) from the same service provider located in Chicago, IL.

34. Through its investigation, Baltimore Life has learned that one or more Defendants placed a notice with the U.S. Postal Service to hold the mail for multiple of the victim policyholders. Upon information and belief, Defendants made this request to cover up their fraud.

35. Plaintiff filed a report with the FBI and other law enforcement agencies reporting the fraud.

36. Plaintiff has not yet been made whole, since it does not know the identities of the bank account holders who wrongfully stole funds from Plaintiff.

## COUNT I
(Intentional Misrepresentation)

37. Plaintiff incorporates all preceding paragraphs as if fully set forth at length herein.

38. Defendants made misrepresentations to Plaintiff through their loan requests.

39. Defendants falsely identified themselves as policyholders to misdirect loan funds belonging to Plaintiff to fake bank accounts.

40. Defendants' representations in the loan requests were material in deceiving Plaintiff to send payments to fake bank accounts controlled, upon information and belief, by Defendants.

41. Defendants' false misrepresentations were, upon information and belief, done with Defendants' knowledge of their falsity.

42. Defendants' misrepresentations were sent with the intent that Plaintiff act upon them by sending payments to fake bank accounts.

43. Plaintiff was deceived by Defendants' misrepresentations, and justifiably and reasonably relied upon Defendants' misrepresentations because the loan requests contained the names and personally identifiable information of policyholders.

44. Plaintiff suffered damages as a direct result of Defendants' misrepresentations.

45. As a result of Defendants' misrepresentations, Plaintiff suffered in excess of $75,000 in damages.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendants, for compensatory and punitive damages, and such other relief as the Court deems just.

## COUNT II
(Unjust enrichment)

46. Plaintiff incorporates all preceding paragraphs as if fully set forth at length herein.

47. Plaintiff provided Defendants with benefits in the form of the loan funds transferred to the bank accounts that, upon information and belief, Defendants control.

48. Defendants had full knowledge of the benefits provided by Plaintiff, and accepted those benefits.

49. Defendants have been unjustly enriched by receiving and retaining money that, in justice and equity, belongs to Plaintiff.

50. As such, it would be inequitable for Defendants to retain the benefits conferred upon them.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendants, for compensatory damages, and such other relief as the Court deems just.

## COUNT III
(Conversion)

51. Plaintiff incorporates all preceding paragraphs as if fully set forth at length herein.

52. Defendants exerted ownership over Plaintiff's money by falsely identifying themselves as policyholders and deceiving Plaintiff into sending payments to fake bank accounts controlled, upon information and belief, by Defendants.

53. Upon information and belief, Defendants retained Plaintiff's money for themselves.

54. Defendants engaged in this wrongful, tortious and deceitful conduct without Plaintiff's consent.

55. Upon information and belief, Defendants engaged in this wrongful, tortious conduct with actual malice.

56. As a result of Defendants' illegal conversion of Plaintiff's funds, Plaintiff has suffered harm and losses in the form of monetary damages for the monies Defendants wrongfully caused to be transferred into the bank accounts controlled, upon information and belief, by Defendants.

57. As a result of Defendants' illegal conversion of Plaintiff's funds, Plaintiff suffered in excess of $75,000 in damages.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendants, for compensatory and punitive damages, and such other relief as the Court deems just.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff requests that judgment be entered in its favor against Defendants and the following relief be granted:

1) An award of monetary damages in amounts to be determined at trial;

2) An award of punitive damages, costs, pre-judgment and post-judgment interest, and attorneys' fees;

3) Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in this action on all issues so triable.

Respectfully submitted,

*/s/ Jennifer E. Ciarrocchi*

Jennifer E. Ciarrocchi (Bar No. 20101)
NELSON MULLINS RILEY & SCARBOROUGH LLP
100 S. Charles Street | Suite 1600
Baltimore, MD 21201
(443) 392-9446 (Telephone)
(443) 392-9499 (Fax)
Jennifer.ciarrocchi@nelsonmullins.com

*Attorney for Plaintiff The Baltimore Life Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2025, the attached document was electronically transmitted to the Clerk of Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

<u>/s/ Jennifer E. Ciarrocchi</u>
Jennifer E. Ciarrocchi (Bar No. 20101)

*Attorney for Plaintiff The Baltimore Life Insurance Company*